IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



FILED
JUL 27 2018
Clerk, U.S District Court
District Of Montana
Great Falls

| | |
|---|---|
| CONSUELA DEASON, as Personal Representative for the Estate of JAMES E. DEASON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation; ROBINSON INSULATION COMPANY, a Montana Corporation for Profit; and DOES A-Z,<br><br>Defendants. | CV-17-76-GF-BMM-JTJ<br><br><br><br>ORDER |

Plaintiff Consuela Deason ("Deason"), as Personal Representative for the Estate of James Deason, filed a Complaint against Defendant BNSF Railway Company ("BNSF") in the Eighth Judicial District, Cascade County, Montana. (Doc. 12.) BNSF removed the matter to this Court on August 16, 2017. (Doc. 1.) Judge Johnston entered Findings and Recommendations regarding BNSF's motion to dismiss for failure to state a claim (Doc. 5) and Deason's motion for partial summary judgment on the issue of federal preemption (Doc. 38) on February 14, 2018. (Doc. 72.) Judge Johnston recommended that the Court deny BNSF's motion to dismiss for failure to state a claim. *Id.* at 18. Judge Johnston further

1

recommended that the Court grant Deason's motion for partial summary judgment regarding federal preemption. *Id.* BNSF timely objected on February 28, 2018. (Doc. 75.)

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations to which no party specifically objects are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## DISCUSSION

### A. Negligence

BNSF argued in its motion to dismiss for failure to state a claim that Deason has failed to allege that BNSF owed Deason a duty of care. (Doc. 5-1.) As a result, Deason cannot establish the first element of a negligence claim. *Id.* Judge Johnston determined that whether BNSF actually knew or should have known of the danger of asbestos and vermiculite proves irrelevant at this point. Judge Johnston further determined that it remains irrelevant at this point whether Deason will ultimately be able to prove the elements of the negligence claim. Judge Johnston determined that in evaluating the motion to dismiss, the Court must accept the allegations in the Complaint as true. Judge Johnston cited to several paragraphs of Deason's Complaint that, if true, give BNSF "fair notice of what the claim is and the grounds

2

upon which it rests." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 545 (1995).

BNSF in its objection argues that Plaintiff's Complaint acknowledges that BNSF did not have notice until 1959 that the Libby vermiculite "was inextricably contaminated with asbestos." (Doc. 75 at 18.) BNSF further argues that even if BNSF had notice of asbestos contamination, there are no allegations contained in the Complaint that BNSF could foresee that the asbestos could lead to the claims that Plaintiff advances. BNSF contends that no legal duty exists. *Id.*

The Court agrees with Judge Johnston's analysis in the Findings and Recommendations. Whether BNSF actually knew or should have known of the danger of asbestos and vermiculite proves irrelevant. Whether Deason will ultimately succeed in her negligence claim does not matter at this juncture. Deason has sufficiently pled a claim of negligence against BNSF to give BNSF "fair notice of what [Deason's] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

**B. Common Law Strict Liability**

BNSF argued in its motion to dismiss for failure to state a claim that it remains a "common carrier" of freight. (Doc. 5-1.) A common carrier proves exempt from the general rules regarding strict liability under § 521 of the Restatement (Second) of Torts. Section 521 provides "the rules as to strict liability for abnormally dangerous activities do not apply if the activity is carried on in

3

pursuance of a public duty as imposed upon the actor as a public officer or employee or as a common carrier." BNSF argued that it cannot be held strictly liable for storing and transporting vermiculite when state and federal law required it. Section 521 of the Restatement has not been expressly adopted in Montana.

Judge Johnston determined that the issue of whether Montana would adopt § 521 proves premature. Judge Johnston determined that the question of what constitutes an abnormally dangerous activity remains a question of law for the Court to decide. Judge Johnston further determined that sufficient facts have not been established for the Court to make this determination as a matter of law. Deason has alleged, however, enough facts to state a claim for relief as to strict liability in tort.

BNSF argues in its objection that there exists no possible way for Plaintiff to succeed on the merits in her strict liability claims premised on Restatement §§ 519 and 520. (Doc. 75 at 10.) BNSF argues that § 519 applies only to a party that "carries on an abnormally dangerous activity" and the Court cannot reconcile this language with its finding that BNSF did not carry hazardous material pursuant to the Hazardous Materials Transportation Act ("HMTA"). *Id.*

The Court agrees with Judge Johnston that Deason has alleged sufficient facts to survive a motion to dismiss. Even though vermiculite is not considered a hazardous material under the HMTA as enacted by Congress, it could still be

4

considered an abnormally dangerous activity. Deason, at this juncture, has alleged sufficient facts to survive the motion to dismiss. Section 519 and the HMTA are not one and the same.

The Court further agrees with Judge Johnston that the issue of whether Montana would adopt § 521 proves premature. BNSF in its objection points to two Montana state district court cases, *Walsh v. Montana Rail Link*, 2001 ML 1418, and *Anderson v. BNSF Railway Company*, 2010 Mont. Dist. LEXIS 73, to support its argument. The Court disagrees. *Walsh* and *Anderson* both involved the summary judgment standard. The Court agrees with Judge Johnston's determination that at this stage of the litigation, sufficient facts have not been established for the Court to make its determination as a matter of law.

Even if Montana were to adopt § 521, the exception must be limited to actors operating in pursuance of a public duty imposed upon it as a common carrier. Plaintiff alleges numerous activities which BNSF voluntarily undertook for its own purposes. The exception does not apply when an entity engages in an abnormally dangerous activity for "its own purposes." *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1006 (9th Cir. 2008).

## C. Federal Preemption

BNSF finally argued that the HMTA and the Federal Railroad Safety Action of 1970 ("FRSA") preempt Plaintiff's state law claims. (Doc. 5-1.) A presumption

5

against preemption exists. *Reidelbach v. Burlington N. & Santa Fe Ry. Co.*, 60 P.3d 418, 423 (Mont. 2002). In order to overcome this presumption, the defendant must show "evidence of a clear, manifest intent of Congress to preempt state law." *Id.* (citation omitted).

### 1. Hazardous Materials Transportation Act

BNSF argued that the more specific preemption clause of § 5125(b) applies to Deason's claims. BNSF argued that because the Department of Transportation specifically exempted mineral-bound asbestos from its regulatory control under the HMTA, Congress clearly and manifestly intended that transportation of said asbestos be entirely free from any and all regulation.

Judge Johnston determined that HTMA poses no regulatory effect based upon the fact that immersed asbestos does not constitute a hazardous material. No conflict exists with any state law regarding vermiculite and the HMTA. Deason's state law claims regarding vermiculite fall under the general preemption provision of the HMTA, § 5125(a), as vermiculite does not constitute a hazardous material. Section 5125(a) preempts State law if complying with the state requirement and HMTA requirement "is not possible," or when the requirement of the state "is an obstacle to accomplishing and carrying out" the HMTA. 49 U.S.C. § 5125(a).

Judge Johnston further determined that even if the HMTA did address vermiculite, it would not apply in this action absent a specific intent by Congress to

6

make the HMTA apply retroactively. *See Landgraf v. USI Film Prod.*, 511 U.S. 244, 270 (1994). Congress enacted the HMTA in 1975 and Deason's alleged injuries arose from conduct between 1937-1952. Judge Johnston determined that the HMTA does not have a specific provision regarding retroactivity, therefore, no congressional intent exists.

BNSF in its objection argues that the Court misinterpreted the arguments with regard to the HMTA. (Doc. 75 at 20.) BNSF contends that it only seeks to dismiss specific portions of Plaintiff's claims. BNSF argues that the federal government has concluded that no special packing or transportation proves necessary in order to carry this material safely on a rail line and Plaintiff's claim remain preempted under the doctrine of implied negative preemption. The Court disagrees.

The Court agrees with Judge Johnston's determination that no conflict exists with any state law regarding vermiculite and the HMTA. The Court further agrees with Judge Johnston's determination that the HMTA does not apply in this situation as it does not apply retroactively.

### 2. Federal Railroad Safety Act

BNSF argued that the FRSA preempts Deason's claims as the regulations within the FRSA are "so extensive that they indicate Congress's intent to occupy the field exclusively." Judge Johnston determined that courts have held that "it is

7

not enough to show that a regulation touches upon or relates to that subject matter . . . preemption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993). Judge Johnston determined that Montana state laws are not inconsistent with the FRSA regulations. Montana state laws regarding negligence are not preempted by the FRSA when the FRSA explicitly excludes mineral-bound asbestos. Judge Johnston further determined that BNSF failed to show a specific FRSA regulation that would substantially subsume Deason's state law claims.

Judge Johnston finally determined that even if the Court found preemption, the FRSA does not apply retroactively. Congress enacted the FRSA in 1970 and did not explicitly state that it intended for the FRSA to apply retroactively. Deason's alleged injuries arose from conduct between 1937-1952. Judge Johnston determined that the Court will not apply the FRSA retroactively.

The Court agrees with Judge Johnston's determination that Montana state laws do not conflict with the FRSA regulations. The Court further agrees with Judge Johnston's determination that even if the Court were to find preemption, the FRSA does not apply retroactively to Plaintiff's claims.

### D. Admissibility of Evidence

BNSF in its objection argues that the Court erroneously relied upon a series of exhibits that were never presented to the Court in admissible form in making the

determination that Plaintiff's claims were not preempted. (Doc. 75 at 26.) Judge Johnston does not reference any of the documents that BNSF claims that he considered. Judge Johnston properly premised the Findings and Recommendations on the allegations in the Complaint.

The primary purpose of the cited material remains to demonstrate the nature of activities supporting Plaintiff's allegations in order to allow the Court to assess whether Plaintiff's claims are preempted. The Court has determined as a matter of law that preemption does not apply in this case as neither the HMTA or the FRSA apply retroactively. BNSF's arguments regarding the relevance, admissibility, and precise interpretation of the cited materials proves immaterial to the question regarding the alleged scope of BNSF's activities that gave rise to Plaintiff's claims.

## CONCLUSION

The Court has reviewed Judge Johnston's Findings and Recommendations de novo. The Court finds no error in Judge Johnston's Findings and Recommendations and adopts them in full.

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 72) are **ADOPTED IN FULL**.

**IT IS ORDERED** that BNSF's Motion to Dismiss for Failure to State a Claim (Doc. 5) is **DENIED.**

**IT IS FURTHER ORDERED** that Deason's Motion for Partial Summary Judgment regarding Federal Preemption (Doc. 38) is **GRANTED.**

DATED this 27th day of July, 2018.

Brian Morris
United States District Court Judge